IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY D. HALL                                                                                    PLAINTIFF

v.                                    Civil No. 07-4016

MILLER COUNTY CIRCUIT COURT
OFFICIALS; KIRK JOHNSON,
Miller County Judge; JIM HUDSON,
Miller County Judge; and CARLTON
JONES, Prosecuting Attorney, Miller
County                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tommy D. Hall, currently an inmate of the Arkansas Department of Correction, filed this civil rights action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The complaint was provisionally filed prior to a determination regarding service of process.

### BACKGROUND

According to Hall, between March and June of 2003, Miller County Circuit Court Officials, Judge Kirk Johnson, Judge Jim Hudson, and Prosecuting Attorney Carlton Jones, were responsible for the issuance of arrest warrants that led to Hall's arrest. In March of 2003, Hall states he was in court on a charge of possession of a controlled substance when he was arrested on a misdemeanor warrant of contempt/resisting arrest.

Hall was given fifteen days of jail time and was released about April 10th. On April 12, 2003, Hall states he was stopped by a marked patrol unit and arrested on a felony failure to appear warrant. Hall maintains this warrant was dated the same day he had appeared in court on

AO72A
(Rev. 8/82)

the possession of a controlled substance charge and had been arrested on the contempt/resisting arrest charge.

A month later, Hall states he was taken to the appear before Judge Hudson and Prosecuting Attorney Carlton Jones stated the arrest had been a mistake and the charge was dismissed. Hall indicates he was released that day.

In June of 2003, while he was in his car in Texarkana, Texas, Hall states he was pulled over by a marked patrol unit and arrested for felony failure to appear on a warrant issued out of Miller County, Arkansas. Hall indicates he was also charged with "failure to ID–fugitive." Hall was extradited to Arkansas. As a result of the arrest, Hall states he lost his job, his home was broken into, and he fell behind on his rent and various other payments.

When Hall appeared in court before Judge Hudson, Prosecuting Attorney Carlton Jones dropped the failure to appear charge. Jones also informed the court that the possession charge had been resolved long ago.

As relief, Hall requests damages in the amount of $3,500 for each day he was falsely held in the Miller County Jail due to the mistaken arrests on the failure to appear charges. He also seeks damages for mental anguish and pain and suffering.[1]

## DISCUSSION

Halls' claims are subject to dismissal. First, his claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action

---

[1] Hall indicates he was "told by Magistrate Bobby E. Shepherd" in Civil No. 05-4043 that the serving officials were not responsible. Civil No. 05-4043 was a civil rights action filed on May 27, 2005, against Sheriff H.L. Phillips, Warden Jeff Black, and Jail Nurse Terry Porter. Hall asserted, among other things, that he had been falsely arrested on failure to appear warrants in April and June of 2003. The court held that a facially valid arrest warrant insulated the officers from a claim of false arrest. *See Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000); *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988)("[A]n arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer."). The court notes that former Magistrate Shepherd has since case 05-4043 was decided been nominated and confirmed as a Judge for the Court of Appeals for the Eighth Circuit.

under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2003, would be barred by the statute of limitations.

Second, "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

Third, Kirk Johnson and Jim Hudson, both judges, are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all

jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Fourth, Halls' complaint as against Carlton Jones is also subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

## CONCLUSION

For the reasons stated, I recommend that the case be dismissed on the grounds the claims are barred by the statute of limitations and the defendants are either not subject to suit under § 1983 or are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Hall has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hall is reminded**

AO72A
(Rev. 8/82)

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March 2007.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE