IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY D. HALL                                                                                          PLAINTIFF

VS.                                         CASE NO. 4:07-CV-4016

MILLER COUNTY CIRCUIT
COURT OFFICIALS KIRK
JOHNSON, JIM HUDSON,
CARLTON JONES                                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed March 20, 2007 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 5). Judge Bryant recommends that Plaintiff Tommy D. Hall's *pro se* civil rights complaint be dismissed prior to service on Defendants. Hall filed timely objections to the Report and Recommendation on April 10, 2007. (Doc. 6). After reviewing the record *de novo*, however, the Court adopts the Report and Recommendation as its own.

The Court's review of the record in this case indicates that Judge Bryant was correct in determining that Hall's § 1983 complaint is time barred,[1] and that all Defendants named in the complaint have immunity[2] from suit. In his objections, Hall argues that he filed his complaint

---

[1] Section § 1983 claims are subject to a three year statute of limitation in Arkansas. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(holding Ark. Code Ann. § 16-56-105(3) and its three year limitations period applicable to § 1983 cases filed in Arkansas). Hall filed the instant action on February 23, 2007, (Doc. 1) more than three years after the arrests in question.

[2] Judges Kirk Johnson and Jim Hudson are immune from suit. *Mireless v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)(declaring judges performing judicial functions absolutely immune from § 1983 liability). Prosecuting attorney Carlton Jones is also immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Any remaining state court entities Hall may have sued or intended to sue are likewise immune from suit under the Eleventh Amendment. *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.

against all persons responsible for his allegedly wrongful arrest and the allegedly improper arrest warrants issued against him between March and June of 2003.  Specifically, Hall argues that he intended to sue the Miller County Clerks when he styled his *pro se* complaint against "County of Miller, Miller County Court Officials." Hall named Miller County Circuit Judge Kirk Johnson, Miller County Circuit Judge Jim Hudson and Miller County Prosecuting Attorney Carlton Jones, as well as "all responsible for warrants between March '03 [through] June '03," as Defendants.  This objection, even if persuasive to the Court, which it is not, fails to address the fatal deficiency Hall's complaint encounters in the statute of limitations.  Either ground–limitations or immunity–provides a sufficient anchor for the Court's dismissal of Hall's complaint.

     Accordingly, Plaintiff Tommy D. Hall's civil rights action is time barred and subject to dismissal based on judicial and prosecutorial immunity.  Hall's complaint should be and hereby is **DISMISSED WITH PREJUDICE**.

     **IT IS SO ORDERED**, this 18th day of June, 2007.

                                                 /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge

---

1997)(holding that state courts are not "persons" subject to suit under § 1983).